RECEIVED

SEP - 9 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 6:08-205-3 |
| VERSUS | JUDGE DOHERTY |
| TIDUS RAY NADIE | MAGISTRATE JUDGE HILL |

### RULING & ORDER

This Court is in receipt of correspondence from counsel for Tidus Ray Nadie, dated August 27, 2010, as well as responsive correspondence from counsel for the United States of America. [See Court Exs. A & B, attached] By way of the correspondence, counsel for Mr. Nadie "requests that this Honorable Court amend its Judgment, ordering Tidus Nadie's 45 month sentence begin to run concurrent with his state sentence, **beginning October 8, 2008**. [Ex. A, p.2 (emphasis in original)]

Defendant appeared before this Court and was sentenced on January 22, 2010 to 45 months incarceration, with a recommendation to the Bureau of Prisons ("BOP") "that defendant's sentence run concurrent with the remainder of the undischarged term of imprisonment in the matter entitled State of Louisiana v. Tidums Ray Nadie, Docket N. 06-231648." [Docs. 410; 411] Defendant argues the Bureau of Prisons is not allowing him credit for the seven months he served between October 9, 2008 through May 30, 2009. [Ex. A, p.1]

Fed. R. Cr. P. 35(a) provides in pertinent part as follows: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." More than 14 days have now passed since sentencing defendant. While 18 U.S.C. § 3582(c) allows for modification of a sentence under certain circumstances, none of those circumstances are present

in this matter. The Court additionally notes, "The attorney general, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003). Thus, calculation of credit for time served is within the purview of BOP, and BOP is under no obligation to follow the Court's *recommendation* as to the manner of calculation of credit for time served.[1]

It appears defendant's only remaining course of action would be to petition the Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[2] The Fifth Circuit has held that the district of the defendant's incarceration is the only district that has jurisdiction to entertain a § 2241 petition, and a district court lacking jurisdiction over the § 2241 petition has no authority or "discretion" to transfer the petition to the proper district. Lee v. Wetzel, 244 F.3d 370, 373-74 (5th Cir. 2001). As

---

[1] Prior to November 1, 1987, Rule 35(a) read as follows: "**(a) Correction of Sentence.** The court may correct an illegal sentence <u>at any time</u> and may correct a sentence imposed in an illegal manner within the time herein for the reduction of sentence." (Emphasis by underlining added.) That provision was not retained in the current version of Rule 35. The current version of the rule was amended to allow:

> [T]he sentencing court to correct a sentence imposed as a result of an obvious arithmetical, technical or other clear error, if the error is discovered shortly after the sentence is imposed . . . .
>
> . . . [It] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action . . . .

Fed. R. Crim. P. 35 advisory committee's note (emphasis added).

[2] *See* U.S. v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990)(Defendant "'does not question the legality of his conviction or the validity of the five-year federal prison term imposed by the sentencing court. His attack instead focuses on the extent to which his sentence has been executed ...' United States v. Brown, 753 F.2d 455, 456 (5th Cir.1985). Such claims . . . must be addressed as habeas corpus petitions under 28 U.S.C. § 2241."); *and* Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003) ("The attorney general, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences.")

it appears defendant is currently incarcerated within the jurisdiction of the United States District Court for the Southern District of Mississippi, defendant must bring his complaint to that court.

Due to the foregoing, the Letter Motion requesting an Amended Judgment is **DENIED**.

THUS DONE AND SIGNED at Lafayette, Louisiana, this _____ day of September, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE